IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VIOLA RESENDEZ and | § | |
| RAUL RESENDEZ, | § | |
| | § | CIVIL ACTION NO. C-07-256 |
| Plaintiffs, | § | |
| | § | JURY REQUESTED |
| v. | § | |
| | § | *Pending Transfer to MDL-1699* |
| PFIZER, INC., ET AL., | § | *(In re Bextra and Celebrex Marketing,* |
| | § | *Sales Practices and Prods. Liab. Litig.)* |
| Defendants. | § | |

## EXHIBITS TO DEFENDANT PFIZER INC.'S NOTICE OF REMOVAL

EXHIBIT 1    List of All Parties & Status of Case

EXHIBIT 2    Certified copy of state court docket sheet and copy of state court file

EXHIBIT 3    List of Attorneys

EXHIBIT 4    Record of Parties Requesting Trial by Jury

EXHIBIT 5    State Court Information

EXHIBIT 6    Declaration Evidence Cited in Notice of Removal

EXHIBIT 7    Unpublished District Court Orders Cited in Notice of Removal

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VIOLA RESENDEZ and<br>RAUL RESENDEZ<br><br>    Plaintiffs,<br><br>v.<br><br>PFIZER, INC., ET AL.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br><br>JURY REQUESTED<br><br>*Pending Transfer to MDL-1699*<br>*(In re Bextra and Celebrex Marketing,*<br>*Sales Practices and Prods. Liab. Litig.)* |

## LIST OF ALL PARTIES & STATUS OF CASE

### Status of Case

The above referenced matter currently is pending in the 79th Judicial District Court of Jim Wells County, Texas, styled *Viola Resendez and Raul Resendez v. Pfizer, Inc., et al.*, Cause No. 07-04-45743.

### Plaintiffs

Viola Resendez
Raul Resendez

### Defendants

Pfizer Inc. [incorrectly named as "Pfizer, Inc."]
Jacqueline Guerrero
Bob Davis
Jeanne L. Jalufka
Kyle M. Nelson
Jason D. Hahn
Robert G. Vial
Kathryn K. Truitt
Kari A. McLuhan
Reynaldo Riojas
Francisco Meza
Jack Barineau
Erica Zeplin
Deborah Quinones

**Defendants (cont.)**
W. Lance Goodson
Keely Rodriguez
Leah Silva
Daniel Ponce
Celeste Escobar
Jill Guidry
Daniel Townsend
Lynsey Adame

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

VIOLA RESENDEZ and       §
RAUL RESENDEZ           §
                        §
            Plaintiffs,  §      CIVIL ACTION NO. _____
                        §
                        §      JURY REQUESTED
v.                      §
                        §      *Pending Transfer to MDL-1699*
PFIZER, INC., ET AL.,    §      *(In re Bextra and Celebrex Marketing,*
                        §      *Sales Practices and Prods. Liab. Litig.)*
            Defendants.  §
                        §
                        §

## INDEX OF STATE COURT PLEADINGS

A.    Certified Copy of Docket Sheet

B.    Plaintiffs' Original Petition

C.    Citations

D.    Defendant Pfizer Inc.'s Motion to Transfer Venue and, Subject Thereto, Original Answer

E.    Defendant W. Lance Goodson's Motion to Transfer Venue and, Subject Thereto, Original Answer

F.    Notice to Plaintiffs of Filing Notice of Removal

G.    Notice to State Court of Filing Notice of Removal

# EXHIBIT 2(A)

| | | | | | | |
|---|---|---|---|---|---|---|
| **Home** | Cases | Parties | Case Details | Payments | Search | Reports | Maintenance |
| **Log Out** | | | | | | |

CERTIFIED

View All Events

Search by Cause Number
Search by Name
Search by CaseId
Search by Receipt Number
Advanced Search

**New Case**

**View/Edit Case**

**Defendant/Respondent**

**Plaintiff/Petitioner**

**Other Party**

**Other Primary Party**

**Attorney**

**Court Registry**

**Child Support**

**Event**

**Court Setting**

**Fee/Fine**

**Payment**

**Bill of Cost**

**Case Summary Report**

Cause Number:
**07-04-45743-CV**

Court:
**79th District Court**

Type
**1.  INJURY OR DAMAGE OTHER THAN MOTOR VEHICLE**

Disposition Date

File Location:

Filing Date:
**04/06/2007**

Disposition Type

Style:
**VIOLA RESENDEZ AND RAUL RESENDEZ VS. PFIZER, INC., JACQUELINE GUERRERO, BOB DAVIS, JEANNE L. JALUFKA, KYLE M. NELSON, JASON D. HAHN, ROBERT G. VIAL, KATHRYN K. TRUITT, KARI A. MCLUHAN, REYNALDO RIOJAS, FRANCISCO MEZA, JACK BARINEAU, ERICA ZEPLIN, DEBORAH QUINONES, W. LANCE GOODSON, KEELY RODRIGUEZ, LEAH SILVA, DANIEL PONCE, CELESTE ESCOBAR, JILL GUIDRY, DANIEL TOWNSEND AND LYNSEY ADAME**

Enter another Event

View all  select all                    Select

## All Events

| # | Type | Date | Description | Image | Pages |
|---|------|------|-------------|-------|-------|
| 1. | Original Petition | 04/06/2007 | PLAINTIFF'S ORIGINAL PETITION | 697393.tif | 0 |
| 2. | Jury | 04/06/2007 | JURY FEE PAID BY SNAPKA, TURMAN & WATERHOUSE, L.L.P. | | |
| 3. | Citation | 04/19/2007 | CITATION ISSUED TO PFIZER INC. CT CORPORATION SYSTEMS, REGISTERED AGENT, DELIVERED TO ATTORNEY | 697998.tif | 0 |
| 4. | Citation | 05/08/2007 | CITATION ISSUED TO JACQUELINE GUERRERO MAILED TO ATTORNEY | 699773.tif | 0 |
| 5. | Citation | 05/08/2007 | CITATION ISSUED TO BOB | 699774.tif | 0 |

| | | | | | |
|---|---|---|---|---|---|
| | | | DAVIS MAILED TO ATTORNEY | | |
| 6. | Citation | 05/08/2007 | CITATION ISSUED TO JEANNE L. JALUFKA MAILED TO ATTORNEY | 699775.tif | 0 |
| 7. | Citation | 05/08/2007 | CITATION ISSUED TO ROBERT G. VIAL MAILED TO ATTORNEY | 699776.tif | 0 |
| 8. | Citation | 05/08/2007 | CITATION ISSUED TO KATHRYN K. TRUITT MAILED TO ATTORNEY | 699777.tif | 0 |
| 9. | Citation | 05/08/2007 | CITATION ISSUED TO KARI A. MCLUHAN MAILED TO ATTORNEY | 699779.tif | 0 |
| 10. | Citation | 05/08/2007 | CITATION ISSUED TO REYNALDO RIOJAS MAILED TO ATTORNEY | 699780.tif | 0 |
| 11. | Citation | 05/08/2007 | CITATION ISSUED TO FRANCISCO MEZA MAILED TO ATTORNEY | 699781.tif | 0 |
| 12. | Citation | 05/08/2007 | CITATION ISSUED TO ERICA ZEPLIN MAILED TO ATTORNEY | 699782.tif | 0 |
| 13. | Citation | 05/08/2007 | CITATION ISSUED TO JACK BARINEAU MAILED TO ATTORNEY | 699783.tif | 0 |
| 14. | Citation | 05/08/2007 | CITATION ISSUED TO W. LANCE GOODSON MAILED TO ATTORNEY | 699785.tif | 0 |
| 15. | Citation | 05/08/2007 | CITATION ISSUED TO KEELY RODRIGUEZ MAILED TO ATTORNEY | 699786.tif | 0 |
| 16. | Citation | 05/08/2007 | CITATION ISSUED TO LEAH SILVA MAILED TO ATTORNEY | 699787.tif | 0 |
| 17. | Citation | 05/08/2007 | CITATION ISSUED TO JILL GUIDRY MAILED TO ATTORNEY | 699789.tif | 0 |
| 18. | Citation | 05/08/2007 | CITATION ISSUED TO DANIEL TOWNSEND MAILED TO ATTORNEY | 699790.tif | 0 |
| 19. | Citation | 05/08/2007 | CITATION ISSUED TO LYNSEY ADAME MAILED TO ATTORNEY | 699791.tif | 0 |
| 20. | Citation | 05/15/2007 | CITATION SERVED TO PFIZER,INC. BY SERVING CT CORPORATION ON 5-7-07 | 700562.tif | 0 |
| 21. | Return | 05/15/2007 | RETURN OF SERVICE | 700563.tif | 0 |

User: MARY                    Jim Wells, District Clerk's Office              B003BE8D51E31CEF5C4E2



I certify this to be a true and exact copy of the original on file at the District Clerk's Office, Jim Wells County, Texas:

by Maria Saliz

EXHIBIT 2(B)

CAUSE NO. 07-04-45743

VIOLA RESENDEZ and §
RAUL RESENDEZ §
§
VS. §
§
PFIZER, INC., JACQUELINE GUERRERO §
BOB DAVIS, JEANNE L. JALUFKA, §
KYLE M. NELSON, JASON D. HAHN, §
ROBERT G. VIAL, KATHRYN K. TRUITT, §
KARI A. MCLUHAN, REYNALDO RIOJAS, §
FRANCISCO MEZA, JACK BARINEAU, §
ERICA ZEPLIN, DEBORAH QUINONES, §
W. LANCE GOODSON, KEELY §
RODRIGUEZ, LEAH SILVA, DANIEL §
PONCE, CELESTE ESCOBAR, JILL §
GUIDRY, DANIEL TOWNSEND and §
LYNSEY ADAME §

IN THE DISTRICT COURT

79th JUDICIAL DISTRICT

JIM WELLS COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Viola Resendez and Raul Resendez (hereinafter referred to as "Plaintiffs"),

complaining of Pfizer, Inc. (hereinafter referred to as the "Defendant Pfizer"); and Jacqueline

Guerrero, Bob Davis, Jeanne L. Jalufka, Kyle M. Nelson, Jason D. Hahn, Robert G. Vial, Kathryn

K. Truitt, Kari A. McLuhan, Reynaldo Riojas, Francisco Meza, Jack Barineau, Erica Zeplin,

Deborah Quinones, W. Lance Goodson, Keely Rodriguez, Leah Silva, Daniel Ponce, Celeste

Escobar, Jill Guidry, Daniel Townsend and Lynsey Adame (hereinafter referred to as "Sales

Representative Defendants"), (collectively referred to as "Defendants"), and for cause of action,

Plaintiffs allege and aver as follows:

I.

This case is to be designated as a Level III case pursuant to Texas Rule of Civil Procedure

190.4.

II.

## **INTRODUCTION AND PARTIES**

This action arises from the sales, distribution, and/or prescribing of Celebrex®, an osteoarthritis and pain-relief drug. Viola Resendez, was prescribed Celebrex® for the relief of pain and as a result of the ingestion of Celebrex®, she suffered from serious and permanent injuries.

Plaintiffs Viola Resendez and Raul Resendez are residents of Orange Grove, Jim Wells County, Texas.

Defendant Pfizer at all times herein mentioned was and is a corporation incorporated, operating and existing under the laws of incorporation of the State of Delaware, with its principal place of business in New York, New York, continuously and purposefully doing business in the State of Texas for monetary profit. At all times herein mentioned, Defendant Pfizer, in interstate commerce and in this judicial district, purposefully marketed, designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, and retailers for resale to physicians, hospitals, medical practitioners and the general public, a certain pharmaceutical product, hereinafter referred to as Celebrex® (also known as Celecoxib). Pfizer may be served with process by and through its registered agent, CT Corporation Systems, 350 N. St. Paul, Dallas, Texas 75201.

Defendant Jacqueline Guerrero is an individual who may be served with process at her place of residence which is believed to be 7227 Westlyn Dr., San Antonio, Texas 78227-2809.

Defendant Bob Davis is an individual who may be served with process at his place of residence which is believed to be 13330 Blanco Rd., San Antonio, Texas 78216-2193.

Defendant Jeanne L. Jalufka is an individual who may be served with process at her place

of residence which is believed to be 4032 Castle Valley Dr., Corpus Christi, Texas 78410-3629.

Defendant Kyle M. Nelson is an individual who may be served with process at his place of residence which is unknown at this time.

Defendant Jason D. Hahn is an individual who may be served with process at his place of residence which is unknown at this time.

Defendant Robert G. Vial is an individual who may be served with process at his place of residence which is believed to be 116 Trail Ridge Dr., Sandia, Texas 78383-4036.

Defendant Kathryn K. Truitt is an individual who may be served with process at her place of residence which is believed to be 3045 Manna Bay Dr., League City, Texas 77573-2737.

Defendant Kari A. McLuhan is an individual who may be served with process at her place of residence which is believed to be 13 Golf House Rd., Laguna Vista, Texas 78578.

Defendant Reynaldo Riojas is an individual who may be served with process at his place of residence which is believed to be 102 Chipinque, San Antonio, Texas 78237-8909.

Defendant Francisco Meza is an individual who may be served with process at his place of residence which is believed to be 4839 Brandeis St., San Antonio, Texas 78249-1714.

Defendant Jack Barineau is an individual who may be served with process at his place of residence which is believed to be 804 Cold Springs Ct., Murphy, Texas 75094-4379.

Defendant Erica Zeplin is an individual who may be served with process at her place of residence which is believed to be 4340 Camden Ave., Dallas, Texas 75206-5404.

Defendant Deborah Quinones is an individual who may be served with process at her place of residence which is unknown at this time.

Defendant W. Lance Goodson is an individual who may be served with process at his place

of residence which is believed to be 7413 N. 17th St., McAllen, Texas 78504-3528.

Defendant Keely Rodriguez is an individual who may be served with process at her place of residence which is believed to be 226 Creekbend Dr., Brownsville, Texas 78521-4328.

Defendant Leah Silva is an individual who may be served with process at her place of residence which is believed to be 3700 Cole Ave., Dallas, Texas 75204-4543.

Defendant Daniel Ponce is an individual who may be served with process at his place of residence which is unknown at this time.

Defendant Celeste Escobar is an individual who may be served with process at her place of residence which is unknown at this time.

Defendant Jill Guidry is an individual who may be served with process at 10058 Clarks Air Field, Justin, Texas 76247-2999.

Defendant Daniel Townsend is an individual who may be served with process at his place of residence which is believed to be 106 Gazelle Lk., San Antonio, Texas 78245-2790.

Defendant Lynsey Adame is an individual who may be served with process at her place of residence which is believed to be 6122 Lost Creek Dr., Corpus Christi, Texas 78413-2915.

III.

## JURISDICTION AND VENUE

This Court has jurisdiction over this case as all parties are residents of or are doing business in the State of Texas, and the damages sought are within the jurisdictional limits of this Court. Plaintiffs seek recovery of monetary damages for injuries to Viola Resendez, sustained as a result of the Defendants' negligence and gross negligence in an amount in excess of the minimum jurisdictional limits of this Court.

Venue is proper in Jim Wells County, Texas, pursuant to the Texas Civil Practice and Remedies Code, Sections 15.002(1) and 15.005, in that all or a substantial part of the events or omissions giving rise to the claim occurred in Jim Wells County, Texas.

IV.

**FACTUAL ALLEGATIONS**

Viola Resendez, ingested Celebrex® that was manufactured and marketed by Defendant Pfizer, and sustained serious injuries as a result.

Celebrex® is among a group of "COX-2 Inhibitor drugs" approved and prescribed for the relief of pain and associated with certain disorders including but not limited to, arthritis.

At all times relevant, Defendants did manufacture, create, design, test, label, sterilize, package, distribute, supply, market, sell, advertise, and otherwise distribute Celebrex®.

Celebrex® has been widely advertised by Defendant Pfizer as effective relief for the pain caused by arthritis, with fewer adverse side effects than other treatments.

Based upon information and belief, Defendants further induced physicians to prescribe Celebrex® for treating disorders for which the FDA had not approved Celebrex®.

Defendants aggressively marketed Celebrex® in the United States and in Texas.

Defendant Pfizer undertook advertising campaigns promoting the virtues of Celebrex® in order to induce widespread use of the product. Defendant Pfizer targeted this advertising directly to the end consumers.

The advertising, by affirmation, misrepresentation and/or omission, falsely and fraudulently sought to create the image and impression that the use of Celebrex® was safe for human use and had fewer side effects and adverse reactions than other methods of treatment for arthritis.

Defendants purposefully minimized and understated health hazards and risks associated with Celebrex®. Defendants, through literature and oral statements, deceived potential users of Celebrex® and their physicians by relaying positive information, including testimonials from satisfied users, and manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects of the drug. Defendants falsely and fraudulently withheld relevant information from potential users of Celebrex®.

Based on information and belief, total profits from the sale of Celebrex® exceeded billions of dollars annually.

On December 17, 2004, The National Institutes of Health issued a Press Release announcing the suspension of the use of COX-2 Inhibitor Celecoxib (Celebrex) in a study conducted by the National Cancer Institute (NCI) due to the findings that use of the drug increased the risk of major fatal and/or non-fatal cardiovascular events in participants taking the drug compared to those on a placebo. The research showed a 2.5-fold increase in risk in participants taking higher dosages of the drug. The known danger that Defendant Pfizer's product Celebrex® causes increased risk of cardiovascular events was never indicated in any manner by Defendants. Viola Resendez, was unaware of said defect of said product prior to ingesting Celebrex®.

Prior to the date upon which Celebrex® was prescribed to Viola Resendez, Defendants knew, or should have known, that the product was extremely dangerous and unsafe for use by the general public. The dangers of this product included, by way of example, increased risk of cardiovascular events, including, but not limited to, myocardial infarction, strokes and other injuries. Defendants failed to take appropriate action to cure the nature of these defects or warn users of the product or their physicians of such dangerous characteristics. In fact, in spite of the findings

announced by the National Institutes of Health, Defendants continue to manufacture, sell, distribute, supply, market, and/or promote Celebrex® to patients.

The Sales Representative Defendants called on doctors and hospitals and were in the business of profiting from the design, manufacture, marketing, distribution, and/or sales of the prescription drug Celebrex®. The Sales Representative Defendants were in a position to make representations about the risks associated with the use of Celebrex®.

Defendants have thereby acted with malice toward Plaintiffs, which accordingly requires that the trier of fact, in the exercise of its sound discretion, award punitive damages for the sake of example and for the purpose of punishing Defendants for their conduct, in an amount sufficiently large to be an example to others and to deter Pfizer and others from engaging in similar conduct in the future.

V.

**FIRST CAUSE OF ACTION**

**[Strict Products Liability Failure to Warn]**

Defendants have engaged in the business of selling, distributing, supplying, manufacturing, marketing and/or promoting Celebrex®, and through that conduct have knowingly and intentionally placed Celebrex® into the stream of commerce with full knowledge that it would arrive in Texas, where it was ingested by Viola Resendez. Defendants did, in fact, sell, distribute, supply, manufacture, and/or promote, individually and collectively, Celebrex® to Viola Resendez. Additionally, Defendants expected the Celebrex® they were selling, distributing, supplying, manufacturing and/or promoting to reach, and Celebrex® did in fact reach, prescribing physicians and consumers in Texas, including Viola Resendez, without substantial change in the condition of

**PLAINTIFFS' ORIGINAL PETITION**
**PAGE 7**

the product.

At all times herein mentioned, Celebrex® was defective and unsafe in manufacture, and was so at the time it was distributed by Defendants and ingested by Viola Resendez. Given the severity of the adverse effects of Celebrex®, the aforementioned product was defective in that it was not properly designed and prepared and/or was not accompanied by proper warnings regarding all possible adverse effects associated with the use of Celebrex®. These defects caused the injuries of Viola Resendez when the Celebrex® was used in its intended and foreseeable manner, i.e., when it was ingested as prescribed, and in the manner recommended by Defendant Pfizer.

Defendant Pfizer knew that Celebrex® was to be used by the user without inspection for defects therein.

Viola Resendez, used the product for its intended purpose.

Celebrex® was unaccompanied by warnings of its dangerous propensities that were known by Pfizer and/or reasonably scientifically knowable by Pfizer, at the time of distribution. The reasonably foreseeable use of the product, i.e., ingestion to relieve pain associated with arthritis, involved substantial dangers not readily recognizable by the ordinary user of the product. Defendants failed to warn of the known or knowable likelihood of injury.

Viola Resendez, did not know, nor did she have reason to know, at the time of her use of Celebrex®, or at any time prior thereto, of the existence of the foregoing described defects. These defects caused serious injury to Viola Resendez.

Defendant Pfizer knew that Celebrex® was to be used by the user without inspection for defects therein, and that Celebrex® was unaccompanied by warnings of its dangerous propensities that were known, or reasonably scientifically knowable, at the time of distribution.

The absence of proper warnings rendered Celebrex® unreasonably dangerous, and the failure to render proper warnings to Viola Resendez, proximately caused her injuries.

VI.

**SECOND CAUSE OF ACTION**

**[Strict Products Liability/Defective Product]**

Defendants have engaged in the business of selling, distributing, supplying, manufacturing, marketing and/or promoting Celebrex®, and through that conduct have knowingly and intentionally placed Celebrex® into the stream of commerce with full knowledge that it would arrive in Texas, where Viola Resendez ingested it. Additionally, Defendants expected the Celebrex® they were selling, distributing, supplying, manufacturing and/or promoting to reach, and did in fact reach, prescribing physicians and consumers in Texas, including Viola Resendez and her prescribing physician, without substantial change in the condition of the product.

The Celebrex® manufactured and/or supplied by Defendants was placed into the stream of commerce by Defendants in a defective and unreasonably dangerous condition.

Alternatively, the Celebrex® manufactured and/or supplied by Defendants was defective in design or formulation in that, when it was placed in the stream of commerce, it was unreasonably dangerous; it was more dangerous than an ordinary consumer or physician would expect; and it was more dangerous than other forms of treatment.

The Celebrex® manufactured and/or supplied by Defendants was defective due to inadequate warning or instruction because Defendants knew, or should have known, that the product created a risk of harm to consumers, and that Defendants failed to adequately warn of said risks.

As designed, the Celebrex® contained unreasonably dangerous design defects and was not

**PLAINTIFFS' ORIGINAL PETITION**
**PAGE 9**

reasonably safe as intended, making the risk of Celebrex® outweigh its benefits and subjecting Viola

Resendez, to risks that exceed the benefits of Celebrex®.

The Celebrex® manufactured and/or supplied by Defendants was defective due to inadequate

post-marketing warning or instruction because after Defendants knew, or should have known, of the

risk of injury from Celebrex®, they failed to provide adequate warnings to users, consumers or

prescribers of the product, including Viola Resendez, and her prescribing physicians, and continued

to promote the product.

Viola Resendez, used the product for its intended purpose.

As a proximate and legal result of the defective, unreasonably dangerous condition of the

Celebrex® manufactured and/or supplied by Defendants, Viola Resendez, suffered serious injuries.

VII.

### THIRD CAUSE OF ACTION

### [Negligence]

At all times herein mentioned, Defendants had a duty to properly design, manufacture,

compound, test, inspect, package, label, distribute, market, examine, provide proper warnings and

take such steps to assure that Celebrex® did not cause users to suffer from unreasonable and

dangerous side effects. Defendants owed Plaintiff Viola Resendez, this duty. Defendants breached

the duty and as a result, Viola Resendez, suffered injuries because of the causal connections between

Defendants' breach of duty and Viola Resendez's injuries.

At all times herein mentioned, Defendants knew, or in the exercise of reasonable care, should

have known, that Celebrex® was of such a nature that if it was not properly manufactured,

compounded, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied,

and prepared and provided with proper warnings, it was likely to injure the product's user.

Defendants so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, over promoted and supplied Celebrex® that it was dangerous and unsafe for the use and purpose for which it was intended.

Defendants negligently failed to warn of the nature and scope of dangers associated with Celebrex®.

Defendants were aware of the probable consequences of the aforesaid conduct. Despite the fact that Defendants knew, or should have known, that Celebrex® caused serious injuries, they failed to disclose the known and/or knowable risks associated with the products, as set forth above. Defendants willfully and deliberately failed to avoid those consequences, and in doing so, Defendants acted with a conscious disregard of the safety of Viola Resendez.

As a result of the carelessness and negligence of Defendants alleged herein and in such other ways to be later shown, Celebrex® caused Plaintiffs to sustain injuries as herein alleged.

VIII.

**FOURTH CAUSE OF ACTION**

**[Breach of Implied Warranty]**

At all times mentioned herein, Defendants manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, supplied and sold Celebrex®.

Defendants impliedly warranted to Viola Resendez that the product was of merchantable quality and safe for the use for which it was intended.

The product was unsafe for its intended use and it was not of merchantable quality, as

warranted by Defendants, in that it had very dangerous propensities when put to its intended use and would cause severe injury and/or death to the user. Celebrex® was unaccompanied by warnings of its dangerous propensities that were either known·and/or reasonably scientifically knowable at the time of distribution.

As a direct and proximate result of Defendants' breach of warranty, the Plaintiffs sustained damages as alleged herein.

IX.

**FIFTH CAUSE OF ACTION**

**[Breach of Express Warranty]**

The aforementioned manufacturing, compounding, designing, distributing, testing, constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, supplying and selling of Celebrex® was expressly warranted to be safe for use by Viola Resendez, and other members of the general public.

Defendants expressly warranted that Celebrex® was safe.

Celebrex® failed to conform to Defendants' warranties because Celebrex® was not safe.

At the time of the making of the express warranties, Defendants had knowledge of the purpose for which Celebrex® was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose. Celebrex® was unaccompanied by warnings of its dangerous propensities that were either known or knowable at the time of distribution.

Viola Resendez, relied upon the skill and judgment of Defendants and upon said express warranty, in using Celebrex®. The warranty and representations were untrue in that the product caused the injuries of Viola Resendez, and was unsafe and, therefore, unsuited for the use for which

**PLAINTIFFS' ORIGINAL PETITION**
**PAGE 12**

it was intended. Celebrex® could, and did thereby, cause the injuries of Viola Resendez.

As a direct and proximate result of the breach of these warranties, Plaintiffs sustained damages as alleged herein.

## X.

## SIXTH CAUSE OF ACTION

### (Fraud)

Defendants falsely and fraudulently represented to Viola Resendez, and members of the general public, that Celebrex® was safe for use by all potential users. The representations by said Defendants were, in fact, false. In fact, Celebrex® was not safe and was, in fact, dangerous to the health and body of Viola Resendez.

The representations by said Defendants were, in fact, false. In reality, Celebrex®, was not adequately tested and there were frequent, severe, protracted, debilitating, difficult, life threatening and disabling side effects and adverse effects of the products, including, but not limited to, the increased risk of cardiovascular events, including, but not limited to, heart attacks, and death. Defendants did not disclose or warn Viola Resendez, or her prescribing physician about the known risk of injury in using the product. Defendants misrepresented the safety of the product, represented that the product marketed was safe for use and concealed warnings of the known or knowable risks of injury in using the product.

When Defendants made these representations about material facts, they knew that they were false. Defendants made said representations with the intent to defraud and deceive Viola Resendez, and with the intent to induce her to act in the manner herein alleged.

At the time Defendants made the aforesaid representations, and at the time Viola Resendez,

took the actions herein alleged, she was ignorant of the falsity of these representations, reasonably

believed them to be true, and relied upon them. In reliance upon said representations, Viola

Resendez was induced to, and did use Celebrex® as herein described. Viola Resendez's reliance

on the deceptive statements resulted in her injuries.

If Viola Resendez had known the actual facts, she would not have taken Celebrex®.

As a result of Defendant's fraud and deceit, Plaintiffs was caused to sustain the herein

described injuries.

In doing the acts herein alleged, Defendants acted with oppression, fraud, and malice, and

Plaintiffs therefore is entitled to punitive damages to deter Defendant Pfizer and others from

engaging in similar conduct in the future.

XI.

**SEVENTH CAUSE OF ACTION**

**(Fraud by Concealment)**

At all times mentioned herein, Defendants had the duty and obligation to disclose to Viola

Resendez and her prescribing physician the true facts concerning Celebrex®, specifically that said

product was dangerous and defective and how likely it was to cause serious consequences to users,

including injuries and death, and how unnecessary it was to use said product for the purposes

indicated. Defendants made affirmative representations as set forth herein to Viola Resendez and

the general public prior to the date Celebrex® was prescribed to Viola Resendez , while concealing

the following material facts.

At all times mentioned herein, Defendants had the duty and obligation to disclose to Viola

Resendez and her physician the true facts concerning Celebrex®; that is, that use could cause injuries

**PLAINTIFFS' ORIGINAL PETITION**
**PAGE 14**

including, but not limited to, increased risk of fatal and non-fatal cardiovascular events, including, but not limited to heart attacks and strokes.

At all times herein mentioned, Defendants intentionally, willfully and maliciously concealed or suppressed the facts set forth herein from Viola Resendez's physician with the intent to defraud as herein alleged.

At all times herein mentioned, Viola Resendez was not aware of the facts set forth above, and had she been aware of said facts, she would not have acted as she did, that is, she would not have utilized the product.

As a result of the concealment or suppression of the facts set forth above, Viola Resendez suffered injuries as set forth herein.

In doing the actions herein alleged, Defendants acted with oppression, fraud, and malice and Plaintiffs are therefore entitled to punitive damages in an amount reasonably related to Plaintiffs' actual damages, and to Defendants' wealth, and sufficiently large to be an example to others, and to deter Defendant Pfizer and others from engaging in similar conduct in the future.

XII.

**MALICE**

The wrong done by Defendants in failing to exercise the most basic of protective measures, even after knowing of the potential for serious injury and/or death when failing to do so, was aggravated by the kind of gross negligence, malice, and callous disregard for which the law allows the imposition of exemplary damages. Defendant Pfizer's conduct, when viewed objectively from their standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiffs, and Defendant Pfizer

**PLAINTIFFS' ORIGINAL PETITION**
**PAGE 15**

was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference, to the rights, safety, and welfare of others, including Plaintiffs. Defendant Pfizer's acts and omissions, which collectively and severally constituted malice, were a proximate cause of Plaintiffs' injuries and subsequent damages.

XIII.

These Defendants, and each of them, individually and collectively, are guilty of various acts of omission and commission which were the proximate and/or producing cause of the incidents made the basis of this lawsuit. Plaintiffs have suffered damages in the past and will continue to suffer damages in the future, including, but not limited to, physical pain and mental anguish, medical expenses, economic damages, loss of consortium and loss of enjoyment of life. Plaintiffs have suffered each of these elements in an amount exceeding the minimum jurisdictional limits of this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Viola Resendez and Raul Resendez pray for relief from the Defendants as follows:

1.    Punitive and exemplary damages. In support of said damages, Plaintiffs incorporates by reference all preceding and following paragraphs as if fully set forth herein;

2.    General damages in a sum in excess of the jurisdictional minimum of this Court;

3.    Special damages in a sum in excess of the jurisdictional minimum of this Court;

4.    Compensatory damages in excess of the jurisdictional minimum of this Court;

5.    Consequential damages in excess of the jurisdictional minimum of this Court;

6.    Medical, incidental, and hospital expenses according to proof;

**PLAINTIFFS' ORIGINAL PETITION**
**PAGE 16**

7.     Future medical, incidental, and hospital expenses according to proof;

8.     Loss of consortium;

9.     Pre-judgment and post-judgment interest as provided by law;

10.    Full refund of all purchase costs Plaintiffss paid for Celebrex®;

11.    Attorneys' fees, expenses, and costs of this action; and

12.    Such further relief as this Court deems necessary, just and proper;

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury in this action.

Respectfully submitted,

**SNAPKA, TURMAN & WATERHOUSE, L.L.P.**
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
(361) 888-7676
(361) 884-8545 - FAX

By: _____
Kathryn Snapka
State Bar No. 18781200
Greg W. Turman
State Bar No. 00785123
Rick Waterhouse
State Bar No. 00788624
Aditi Anita Shahani
State Bar No. 24041898

CK#8099

| | |
|---|---|
| FINE | $ |
| CRIM JUST. FEES | |
| COUNTY ATTORNEY | |
| SHERIFF | |
| CONSTABLE | |
| JUSTICE OF PEACE | |
| DISTRICT CLERK | |
| COUNTY CLERK | |
| COUNTY JUDGE | |
| COPIES | |
| DEPOSITS | |
| TRUST FUND | |
| LAW LIBRARY FEE | |
| OTHER | |
| | |
| | |
| | |
| TOTAL | $ 128 00 |

COUNTY OF JIM W

**OFFICIAL RECEIPT**

STATE OF TEXAS
County of Jim Wells

RECEIPT 220735 B

RECEIVED OF Snapka Turma & Waterhouse P.L.

One hundred twenty eight DOLLARS

FOR 16 Citation

STYLE OF CASE: STATE OF TEXAS, OR CASE 04-4543

Vhola Resendez

VERSUS

Pizer inc. et al.

TITLE: Maa Solis OFFICER DEPUTY

INSTRUCTIONS: THIS FORM IS TO BE ISSUED IN DUPLICATE. THE ORIGINAL
TO BE DETACHED AND GIVEN TO THE PAYEE AND THE COPY
TO BE RETAINED IN THE BOOK FOR THE USE OF THE COUNTY AUDITOR. NO
ERASURES ARE TO BE MADE ON THIS FORM IF AN ERROR IS MADE, THE
RECEIPT IS TO BE VOIDED AND THE ORIGINAL LEFT IN THE BOOK.

| Date | Invoice Number | Invoice Description | Invoice Amount | Discount Taken | Amount Paid |
|---|---|---|---|---|---|
| 04/25/07 | 042507 | Louis B a | $12 | $0.00 | $128.00 |

| Vendor: JWCC | Check #: 8099 | Check Date: 04/25/07 | $128.00 | $0.00 | $128.00 |

# SNAPKA, TURMAN & WATERHOUSE, L.L.P.

KATHRYN SNAPKA
Board Certified
Personal Injury Trial Law
Texas Board of Legal Specialization

606 N. Carancahua, Suite 1511 (78476)
P.O. Drawer 23017
Corpus Christi, Texas 78403
Phone: (361) 888-7676
Telecopier: (361) 884-8545

GREG W. TURMAN
RICK B. WATERHOUSE, JR.

_____

CRAIG D. HENDERSON
A. ANITA SHAHANI

April 27, 2007

Mr. David Guerrero
**JIM WELLS COUNTY COURTHOUSE**
200 North Almond Strreet
Alice, Texas 78332

APR 30 2007

Re:    Cause No. 07-04-45743-CV; In the 79th Judicial District Court of Jim Wells
County, Texas; *Viola Resendez and Raul Resendez v. Pfizer, Inc., et al*
**ST&W File No. 2320**

Dear Mr. Guerrero:

Enclosed please find 16 copies of Plaintiffs' Original Petition that we ask you to
attach to citations for service upon the Defendants in this matter.  Kindly issue citations for service
upon the following Defendants:

1.    Defendant Jacqueline Guerrero is a sales representative of Pfizer, Inc.,  who may be
served with process at 7227 Westlyn Dr., San Antonio, Texas 78227-2809 or
wherever she may be found;

2.    Defendant Bob Davis is a sales representative of Pfizer, Inc. who may be served with
process at 13330 Blanco Rd., San Antonio, Texas 78216-2193 or wherever he may
be found;

3.    Defendant Jeanne L. Jalufka is a sales representative of Pfizer, Inc. who may be
served with process at 4032 Castle Valley Dr., Corpus Christi, Texas 78410-3629 or
wherever she may be found;

4.    Defendant Robert G. Vial is a sales representative of Pfizer, Inc. who may be served
with process at 116 Trail Ridge Dr., Sandia, Texas 78383-4036 or wherever he may
be found;

5.    Defendant Kathryn K. Truitt is a sales representative of Pfizer, Inc. who may be
served with process at 3045 Manna Bay Dr., League City, Texas 77573-2737 or
wherever she may be found;

Mr. David Guerrero
April 27, 2007
Page 2

6.      Defendant Kari A. McLuhan is a sales representative of Pfizer, Inc. who may be served with process at 13 Golf House Rd., Laguna Vista, Texas 78578 or wherever she may be found;

7.      Defendant Reynaldo Riojas is a sales representative of Pfizer, Inc. who may be served with process at 102 Chipinque, San Antonio, Texas 78237-8909 or wherever he may be found;

8.      Defendant Francisco Meza is a sales representative of Pfizer, Inc. who may be served with process at 4839 Brandeis St., San Antonio, Texas 78249-1714 or wherever he may be found;

9.      Defendant Jack Barineau is a sales representative of Pfizer, Inc. who may be served with process at 804 Cold Springs Ct., Murphy, Texas 75094-4379 or wherever he may be found;

10.      Defendant Erica Zeplin is a sales representative of Pfizer, Inc. who may be served with process at 4340 Camden Ave., Dallas, Texas 75206-5404 or wherever she may be found;

11.      Defendant W. Lance Goodson is a sales representative of Pfizer, Inc. who may be served with process at 7413 N. 17th Street, McAllen, Texas 78504-3528 or wherever he may be found;

12.      Defendant Keely Rodriguez is a sales representative of Pfizer, Inc. who may be served with process at 226 Creekbend Dr., Brownsville, Texas 78521-4328 or wherever she may be found;

13.      Defendant Leah Silva is a sales representative of Pfizer, Inc. who may be served with process at 3700 Cole Ave., Dallas, Texas 75204-4543 or wherever she may be found;

14.      Defendant Jill Guidry is a sales representative of Pfizer, Inc. who may be served with process at 10058 Clarks Air Field, Justin, Texas 76247-2999 or wherever she may be found;

15.      Defendant Daniel Townsend is a sales representative of Pfizer, Inc. who may be served with process at 106 Gazelle Lk., San Antonio, Texas 78245-2790 or wherever he may be found;

Mr. David Guerrero
April 27, 2007
Page 3

16.     Defendant Lynsey Adame is a sales representative of Pfizer, Inc. who may be served
        with process at 6122 Lost Creek Dr., Corpus Christi, Texas 78413-2915 or wherever
        she may be found.

        Also enclosed is our firm check number 8100 in the amount of $128.00 in payment
of your fee for citation preparation.  After the citations have been issued, please return them to our
office for further handling.

        Thank you for your courtesies in this regard.  Should you have any questions, please do not
hesitate to contact me.

                        Very truly yours,

                        SNAPKA, TURMAN & WATERHOUSE, L.L.P.

                        Annette Gomez
                        Legal Secretary
                        agomez@stwllp.com

CK#8029 8030&8031

COUNTY OF JIM WELLS

## OFFICIAL RECEIPT

STATE OF TEXAS

County of Jim Wells

THE STATE OF TEXAS
COUNTY OF JIM WELLS

RECEIPT    220573

| FINE | $ |
|------|---|
| CRIM JUST. FEES | |
| COUNTY ATTORNEY | |
| SHERIFF | |
| CONSTABLE | |
| JUSTICE OF PEACE | |
| DISTRICT CLERK | |
| COUNTY CLERK | |
| COUNTY JUDGE | |
| COPIES | |
| DEPOSITS | |
| TRUST FUND | |
| LAW LIBRARY FEE | |
| OTHER | |
| | |
| | |
| TOTAL | 265 00 |

RECEIVED OF Snapka Turman & Waterhouse $265 00

Two hundred Sixty five                    DOLLARS

FOR Filing fee & Citation Jury    CASE 07-04-45743

STYLE OF CASE: STATE OF TEXAS, OR

Viola Resendez

VERSUS

Pfizer, Inc. et al    R. DAVID GUERRERO DISTRICT CLERK
JIM WELLS

TITLE

Maa Soliz    OFFICER
DEPUTY

INSTRUCTIONS:  THIS FORM IS TO BE ISSUED IN DUPLICATE. THE ORIGINAL
TO BE DETACHED AND GIVEN TO THE PAYEE AND THE COPY
TO BE RETAINED IN THE BOOK FOR THE USE OF THE COUNTY AUDITOR. NO
ERASURES ARE TO BE MADE ON THIS FORM IF AN ERROR IS MADE, THE
RECEIPT IS TO BE VOIDED AND THE ORIGINAL LEFT IN THE BOOK.

| Date | Invoice Number | Invoice Description | Invoice Amount | Discount Taken | Amount Paid |
|------|----------------|---------------------|----------------|----------------|-------------|
| 04/05/07 | 040307A | Viola Fernandez | $227.00 | $0.00 | $227.00 |

**Vendor: JWCC**    **Check #: 8029**    **Check Date:** 04/05/07    **$227.00**    **$0.00**    **$227.00**

| Date | Invoice Number | Invoice Description | Invoice Amount | Discount Taken | Amount Paid |
|------|----------------|---------------------|----------------|----------------|-------------|
| 04/05/07 | 040307B | Viola Fernandez | $30.00 | $0.00 | $30.00 |

**Vendor: JWCC**    **Check #: 8030**    **Check Date:** 04/05/07    **$30.00**    **$0.00**    **$30.00**

| Date | Invoice Number | Invoice Description | Invoice Amount | Discount Taken | Amount Paid |
|------|----------------|---------------------|----------------|----------------|-------------|
| 04/05/07 | 040307C | Viola Fernandez | .0 | $0.00 | $8.00 |

**Vendor: JWCC**    **Check #: 8031**    **Check Date:** 04/05/07    **$8.00**    **$0.00**    **$8.00**

# SNAPKA, TURMAN & WATERHOUSE, L.L.P.

KATHRYN SNAPKA
Board Certified
Personal Injury Trial Law
Texas Board of Legal Specialization

606 N. Carancahua, Suite 1511 (78476)
P.O. Drawer 23017
Corpus Christi, Texas 78403
Phone: (361) 888-7676
Telecopier: (361) 884-8545

GREG W. TURMAN
RICK B. WATERHOUSE, JR.

CRAIG D. HENDERSON
A. ANITA SHAHANI

April 5, 2007

APR 10 2007

Mr. David Guerrero
**JIM WELLS COUNTY COURTHOUSE**
200 North Almond Strreet
Alice, Texas 78332

Re:    Cause No. 07-04-45743, In the 79th Judicial District Court of Jim
       Wells County, Texas; *Viola Resendez v. Pfizer, Inc., et al*
       **ST&W File No.:** 2320

Dear Mr. Guerrero:

Enclosed for filing in the above-referenced new civil matter is the Plaintiffs' Original
Petition and two (2) copies of the petition that we ask you to file stamp one copy to attach to the
citation for service upon the Defendant listed below and the other copy to return to our office in the
self-addressed stamped envelope provided herein. Please note we are only requesting a citation for
the below-listed Defendant. We will provide further instructions with regard to the other Defendants
listed in the petition in the very near future. Kindly prepare the citation for service upon the
following Defendant and return the citation to our office for further handling:

1.     Pfizer, Inc. (by serving its Registered Agent for Service)
       CT Corporation Systems
       350 N. St. Paul St.
       Dallas, Texas 75201

Thank you for your courtesies in this regard. Should you have any questions, please
do not hesitate to contact this office at (361) 888-7676.

Very truly yours,

SNAPKA, TURMAN & WATERHOUSE, L.L.P.

Annette Gomez
Legal Secretary
agomez@stwllp.com

# EXHIBIT 2(C)

# CITATION FOR PERSONAL SERVICE

## Cause No. 07-04-45743-CV

ORIGINAL

**VIOLA RESENDEZ AND RAUL RESENDEZ**, Plaintiff(s)

VS.

**PFIZER, INC., JACQUELINE GUERRERO, BOB DAVIS, JEANNE L. JALUFKA, KYLE M. NELSON, JASON D. HAHN, ROBERT G. VIAL, KATHRYN K. TRUITT, KARI A. MCLUHAN, REYNALDO RIOJAS, FRANCISCO MEZA, JACK BARINEAU, ERICA ZEPLIN, DEBORAH QUINONES, W. LANCE GOODSON, KEELY RODRIGUEZ, LEAH SILVA, DANIEL PONCE, CELESTE ESCOBAR, JILL GUIDRY, DANIEL TOWNSEND AND LYNSEY ADAME**, Defendant(s)

IN THE DISTRICT COURT

79TH JUDICIAL DISTRICT

JIM WELLS COUNTY, TEXAS

Attorney for Plaintiff
Kathryn Snapka
P. O. Drawer 23017
Corpus Christi, TX 78403

FILED AT 10.W O'CLOCK A. M
R. DAVID GUERRERO

MAY 1 5 2007

CLERK, DIST. COURT. JIM WELLS

## THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: **"YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."**

TO:    **PFIZER, INC., (by serving its Registered Agent for Service) CT CORPORATION SYSTEMS, at 350 N. ST. PAUL ST.,** in **DALLAS, TEXAS 75201**, Defendant, Greeting: You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock a.m. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 79th Judicial District Court of JIM WELLS County, Texas at the Courthouse of said County in Alice, Texas.

Said Plaintiff's Petition was filed in said court, on **APRIL 06, 2007**, in this cause, numbered **07-04-45743-CV** on the docket of said court, and styled **VIOLA RESENDEZ AND RAUL RESENDEZ, Plaintiff, vs. PFIZER, INC., JACQUELINE GUERRERO, BOB DAVIS, JEANNE L. JALUFKA, KYLE M. NELSON, JASON D. HAHN, ROBERT G. VIAL, KATHRYN K. TRUITT, KARI A. MCLUHAN, REYNALDO RIOJAS, FRANCISCO MEZA, JACK BARINEAU, ERICA ZEPLIN, DEBORAH QUINONES, W. LANCE GOODSON, KEELY RODRIGUEZ, LEAH SILVA, DANIEL PONCE, CELESTE ESCOBAR, JILL GUIDRY, DANIEL TOWNSEND AND LYNSEY ADAME, Defendant.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition, accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Alice, Texas, this **APRIL 19, 2007**.

Attest: **R. David Guerrero**, Clerk 79th Judicial District Court
Jim Wells County, Texas.

By: _Diana Garcia_ .................................................. Deputy.

POSTED

---

### RETURN OF OFFICER

Came to hand at **4:00** o'clock P.m., on **5** day of **May**, 200**7**, and executed (not executed) at **350 N. St Paul Dallas** defendant, in person, a true in **Dallas** County, Texas, at **11:25** o'clock A.m. **7** day of **May**, 200**7**. Cause of failure to execute this citation is

copy of this Citation together with the accompanying _____ copy(-ies) of the Plaintiff's Original Petition.

TEXAS CIVIL PROCESS, INC.
1650 S. Brownlee Blvd
P.O. Box 3795 _____, Sheriff/Constable
_____ County, Texas
By _Return of Service_ , Deputy
Attached

Fees-Serving _____ cop _____ $ _____
Total _____ $ _____
Fees paid by _____

---

### AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____ m., on the _____ day of _____, 20___, Executed at _____ in _____ County, Texas at _____ o'clock ____ day of _____, 20___, by delivering to _____, defendant, in person a true copy of the Citation together with the accompanying _____ copy(ies) of the Plaintiff's Original Petition attached thereto and I endorsed on said copy of this Citation the date of service. To certify which I affix my hand officially this **#** day of _____, 20___.

TEXAS CIVIL PROCESS, INC.
1650 S. Brownlee Blvd _____ County, Texas
By P.O. Box 3795 _____ Process Server

Authorized Person - Printed Name

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on _____ day of Corpus Christi, 20 TX 78463-3785

_Return of Service_
Notary Public - State of Texas
In and for _____
Commission expires: _Attached_

Cause No.  07-04-45743

| | | |
|---|---|---|
| VIOLA RESENDEZ AND | * | IN THE DISTRICT COURT |
| RAUL RESENDEZ | * | |
| | * | 79TH JUDICIAL DISTRICT |
| | • | |
| VS. | * | JIM WELLS  COUNTY, TEXAS |
| | * | |
| PFIZER, INC ET AL | * | |

FILED AT _10:00_ O'CLOCK _A_ M
R. DAVID GUERRERO

MAY 1 5 2007

CLERK, DIST. COURT, JIM WELLS CO, TEXAS
BY _Juanita Ramirez_ DEPUTY

====================================================

# R E T U R N   O F   S E R V I C E

C a m e   t o   h a n d: _5_ / _5_ / _2007_, at _4:00_ o'clock _p_ .M.

[ X ]   **CITATION**
[ X ]   **PLAINTIFF'S ORIGINAL PETITION**

E x e c u t e d   o n: _5_ / _7_ / _2007_, at _11:25_ o'clock _A_ .M.
Executed at: _350 North St. Paul_ _____ State of _Texas_
County of _Dallas_ by delivering to **PFIZER, INC., by delivering to its registered agent**
**CT Corporation Systems** _____
In person, a true copy of the above specified civil process having first endorsed on such copy the date of
delivery.

**Not executed** for the following reasons: _____
_____.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit and am
authorized by written order of the Court to serve citations and other notices.

_Karen E Jones_
Signature of Process Server
Print Name: _KAREN E. JONES_
Supreme Court Number _SCH 1641_
**Texas Civil Process, Inc.**
1650 South Brownlee Blvd.
Corpus Christi, Texas 78404
CP21

State of _Texas_ *
County of _Nueces_ *

Before me, a notary public, on this day personally appeared the above named authorized person, known to
me to be the person whose name is subscribed to the foregoing document and being by me first duly
sworn, declared that statements therein contained are true and correct. Given under my hand and seal of
office on this the ___10___ day of ___May___ 2007.


MIRNA P. PEREIDA
MY COMMISSION EXPIRES
March 16, 2009

_____
Notary Public Signature

Marie Garcia
*Process Specialist*
*Service of Process*
CT

 CT
a Wolters Kluwer business

350 North St. Paul Street
Suite 2900
Dallas, TX 75201
214 932 3601 tel
marie.garcia@wolterskluwer.com

www.ctlegalsolutions.com

# CITATION FOR PERSONAL SERVICE

## Cause No. 07-04-45743-CV

| | | |
|---|---|---|
| **VIOLA RESENDEZ AND RAUL RESENDEZ,** Plaintiff(s) | § § § | IN THE DISTRICT COURT | **Attorney for Plaintiff** Kathryn Snapka |
| VS. | § § § | 79TH JUDICIAL DISTRICT | P. O. Drawer 23017 Corpus Christi, TX 78403 |

**PFIZER, INC., JACQUELINE GUERRERO, BOB DAVIS, JEANNE L. JALUFKA, KYLE M. NELSON, JASON D. HAHN, ROBERT G. VIAL, KATHRYN K. TRUITT, KARI A. MCLUHAN, REYNALDO RIOJAS, FRANCISCO MEZA, JACK BARINEAU, ERICA ZEPLIN, DEBORAH QUINONES, W. LANCE GOODSON, KEELY RODRIGUEZ, LEAH SILVA, DANIEL PONCE, CELESTE ESCOBAR, JILL GUIDRY, DANIEL TOWNSEND AND LYNSEY ADAME,** Defendant(s)

JIM WELLS COUNTY, TEXAS

TEXAS CIVIL PROCESS, INC.
Came to Hand 5-29-07 10:55 Am
Delivered this 29 Day May 2007 4:40 Pm
P.O. Box 3785
Corpus Christi, Tx. 78463-3785
By *Brent Miller*
Process Server

### THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

TO: **W. LANCE GOODSON, IS A SALES REPRESENTATIVE OF PFIZER, INC., AT 7413 N. 17TH STREET, MCALLEN, TEXAS 78504-3528 OR WHEREVER HE MAY BE FOUND,** Defendant, Greeting: You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock a.m. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 79th Judicial District Court of JIM WELLS County, Texas at the Courthouse of said County in Alice, Texas.

Said Plaintiff's Petition was filed in said court, on **APRIL 06, 2007,** in this cause, numbered **07-04-45743-CV** on the docket of said court, and styled, VIOLA RESENDEZ AND RAUL RESENDEZ, Plaintiff, vs. PFIZER, INC., JACQUELINE GUERRERO, BOB DAVIS, JEANNE L. JALUFKA, KYLE M. NELSON, JASON D. HAHN, ROBERT G. VIAL, KATHRYN K. TRUITT, KARI A. MCLUHAN, REYNALDO RIOJAS, FRANCISCO MEZA, JACK BARINEAU, ERICA ZEPLIN, DEBORAH QUINONES, W. LANCE GOODSON, KEELY RODRIGUEZ, LEAH SILVA, DANIEL PONCE, CELESTE ESCOBAR, JILL GUIDRY, DANIEL TOWNSEND AND LYNSEY ADAME, Defendant.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition, accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Alice, Texas, this **MAY 08, 2007.**

Attest: *R. David Guerrero,* Clerk 79th Judicial District Court
Jim Wells County, Texas.

By: _____*Rosie Garcia*_____ Deputy.

---

### RETURN OF OFFICER

Came to hand at _____ o'clock ____.m., on _____ day of _____, 20___, and executed (not executed) at _____ in _____ County, Texas, at _____ o'clock ____.m., _____ day of _____, 20___, by delivering to _____ defendant, in person, a true copy of this Citation together with the accompanying ____ copy(-ies) of the Plaintiff's Original Petition. Cause of failure to execute this citation is _____

Fees-Serving _____ cop__ $_____
   Total _____ $_____          _____, Sheriff/Constable
   Fees paid by _____          _____ County, Texas
                                        By _____, Deputy

### AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___ m., on the _____ day of _____, 20___. Executed at _____ in _____ County, Texas at _____ o'clock _____ day of _____, 20___, by delivering to _____, defendant, in person a true copy of the Citation together with the accompanying _____ copy(ies) of the Plaintiff's Original Petition attached thereto and I endorsed on said copy of this Citation the date of delivery. To certify which I affix my hand officially this _____ day of _____, 20___.

_____          _____ County, Texas
Authorized Person - Printed Name          By _____ Process Server

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on _____ day of _____, 20___.

Notary Public - State of Texas
In and for _____
Commission expires: _____

EXHIBIT 2(D)



CAUSE NO. 07-04-45743

VIOLA RESENDEZ and                    §
RAUL RESENDEZ,                        §
                                      §
        Plaintiffs,                   §
                                      §
v.                                    §
                                      §
PFIZER, INC., JACQUELINE GUERRERO,    §
BOB DAVIS, JEANNE L. JALUFKA,         §
KYLE M. NELSON, JASON D. HAHN,        §
ROBERT G. VIAL, KATHRYN K. TRUITT,    §
KARI A. McLUHAN, REYNALDO RIOJAS,     §
FRANCISCO MEZA, JACK BARINEAU,        §
ERICA ZEPLIN, DEBORAH QUINONES,       §
W. LANCE GOODSON,                     §
KEELY RODRIGUEZ, LEAH SILVA,          §
DANIEL PONCE, CELESTE ESCOBAR,        §
JILL GUIDRY, DANIEL TOWNSEND,         §
and LYNSEY ADAME,                     §
                                      §
        Defendants.                   §

IN THE DISTRICT COURT OF

JIM WELLS COUNTY, TEXAS

79th JUDICIAL DISTRICT

FILED AT _____ O'CLOCK _____ M
R. DAVID GUERRERO
MAY 29 2007
CLERK, DIST COURT, JIM WELLS CO, TEXAS
_____ DEPUTY

## DEFENDANT PFIZER INC.'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Pfizer Inc. (incorrectly named as "Pfizer, Inc." and hereinafter referred to as "Pfizer" or "Defendant") and files this its Motion to Transfer Venue and, Subject Thereto, Original Answer to Plaintiffs' Original Petition. Defendant respectfully would show the Court as follows:

## I.

## MOTION TO TRANSFER VENUE

This is a pharmaceutical product liability case involving Celebrex®, a prescription medication co-promoted and marketed at times by Pfizer. Plaintiffs Viola and Raul Resendez allege they sustained personal injuries as a result of Viola Resendez's use of Celebrex®, *see* PLAINTIFFS' ORIGINAL PETITION ("PETITION") at 2, and assert Pfizer is liable for those injuries

under theories of strict liability, negligence, fraud, and breach of warranties. *Id.* at 7-15. Plaintiffs also assert certain vague claims against twenty-one (21) current or former Pfizer field sales representatives whom Plaintiffs assert detailed Celebrex® to unidentified "doctors and hospitals." *See id.* at 7.

Plaintiffs' Petition is sufficiently imprecise to raise concerns that venue may not be proper in Jim Wells County. Their petition includes only a vague and conclusory assertion that "all or a substantial part of the events or omissions giving rise to the claim occurred in Jim Wells County, Texas," *see id.* at 5, without any specific factual allegations supporting their contention that venue in Jim Wells County is appropriate. It therefore is far from clear that this suit was filed in the proper venue. Consequently, pursuant to Rule 86 of the Texas Rules of Civil Procedure, Defendant files this Motion to preserve its right to challenge venue if the facts establish that venue in Jim Wells County is not proper.

Pfizer is a corporation. A suit against a corporation, whether foreign or domestic, may properly be brought in either (1) the county of the corporation's "principal office" in Texas, or (2) the county where "all or a substantial part of the events or omissions giving rise to the claim occurred . . . ." TEX. CIV. PRAC. & REM. CODE. ANN. § 15.002(a) (Vernon 2005). Additionally, when an individual defendant is sued, venue is proper in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person. *Id.* If none of these provisions apply, venue is proper in the county in which the plaintiff resided at the time of the accrual of the cause of action. *Id.* In this case, Defendant:

(1)    specifically denies that the county of suit is, or was at the time that Plaintiffs' purported causes of action accrued, the county of this or any other defendant's principal office in Texas;

(2)    specifically denies that all or a substantial part of the events or omissions giving rise to Plaintiffs' purported claims occurred in the county of suit;

2

(3)    specifically denies that any individual defendant resided in the county of suit at the time Plaintiffs' purported causes of action accrued; and

(4)    specifically denies that Plaintiffs resided in the county of suit at the time Plaintiffs' purported causes of action accrued.

Given the early stage of this proceeding at the time of this Motion, and the imprecise nature of Plaintiffs' pleadings, Defendant cannot identify for the Court the county of proper venue for Plaintiffs' claims. Defendant, therefore, requests that it be permitted reasonable time to obtain venue facts and conduct venue discovery. Defendant reserves the right to amend this motion to assert the proper county to which this case should be transferred after it has had sufficient time to discover the venue facts necessary to determine the county of proper venue.

## II.

## SUBJECT TO MOTION TO
## TRANSFER VENUE, ORIGINAL ANSWER

**A.    General Denial Pursuant to Texas Rule of Civil Procedure 92**

Subject to its Motion to Transfer Venue, Defendant denies each and every allegation made against it and demands strict proof of same by a preponderance of the evidence.

**B.    Affirmative Defenses**

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendant affirmatively shows that:

### First Defense

1.    The Petition fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Celebrex® was at all times in compliance with applicable

3

federal law. Plaintiffs' causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendant's warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendant.

### Sixth Defense

6.      Plaintiffs' action is barred by the statute of response.

### Seventh Defense

7.      Plaintiffs' claims against Defendant are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate her damages, and any recovery by Plaintiff should be diminished accordingly.

### Eighth Defense

8.      The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendant. Rather, said loss is due to the acts or omissions on the part

of non-parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

### Ninth Defense

9.    The acts and/or omissions of unrelated non-parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

### Tenth Defense

10.    Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.    Defendant affirmatively denies it violated any duty owed to the Plaintiffs.

### Twelfth Defense

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

### Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.     Celebrex® was at all times material to the Petition reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

### Fifteenth Defense

15.     Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.     Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendant and any liability of Defendant is therefore barred.

### Seventeenth Defense

17.     Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendant.

### Eighteenth Defense

18.     Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

### Nineteenth Defense

19.     Plaintiff knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendant because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Petition were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiffs' claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    The imposition of punitive damages in this case would violate Defendant's rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Texas, and would additionally violate Defendant's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Texas law.

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiffs' punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendant's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

### Thirty-fifth Defense

35.    Plaintiffs failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiffs seeks punitive damages for the conduct which allegedly caused injuries asserted in the Petition, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Texas. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 111 (1991), TXO Production Corp. v. Alliance Resources, Inc., 509 U.S. 443 (1993); BMW of North America, Inc. v. Gore, 519 U.S. 559 (1996); and State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S 408.

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and

instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Petition are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

### Forty-first Defense

41.    The claims asserted in the Petition are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-second Defense

42.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-third Defense

43.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendant's conduct.

### Forty-fourth Defense

44.    The claims asserted in the Petition are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs.

### Forty-fifth Defense

45.    The claims asserted in the Petition are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

### Forty-sixth Defense

46.    The claims asserted in the Petition are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-seventh Defense

47.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-eighth Defense

48.    The claims asserted in the Petition are barred because the utility of Celebrex® outweighed its risks.

### Forty-ninth Defense

49.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fiftieth Defense

50.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined. Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

### Fifty-first Defense

51.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-second Defense

52.     The claims asserted in the Petition are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-third Defense

53.     Plaintiffs' fraud and misrepresentation allegations are not stated with the degree of particularity, as required by both the state and federal rules.

### Fifty-fourth Defense

54.     Plaintiffs' causes of action are barred by Chapter 82 of the Texas Civil Practice & Remedies Code, including but not limited to §§ 82.001, 82.003, and 82.007.

### Fifty-fifth Defense

55.     Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

### Fifty-sixth Defense

56.    This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit.

### Fifty-seventh Defense

57.    If Plaintiffs settle with any other person or entity, then Defendant reserves the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

### Fifty-eighth Defense

58.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Fifty-ninth Defense

59.    Plaintiffs' claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

### Sixtieth Defense

60.    Plaintiffs' claims are barred by their failure to comply with conditions precedent to the right to recover.

### Sixty-first Defense

61.    Plaintiffs' claims are barred in whole or in part by the doctrine of informed consent. Plaintiff was informed of the risks associated with treatment and willingly consented to treatment despite those risks.  Specifically, Plaintiff gave informed consent to the prescribing physicians before taking Celebrex®, alone or in combination with any other drug(s).

### Sixty-second Defense

62.    The duty to obtain Plaintiffs' informed consent prior to prescribing Celebrex® alone or in combination with any other drug(s) rested solely with the prescribing physicians.

### Sixty-third Defense

63.    Plaintiffs may not assert a claim against Defendant for negligent misrepresentation as Plaintiffs did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendant.

### Sixty-forth Defense

64.    Plaintiffs' claims of negligent misrepresentation are barred by the failure to justifiably rely on any alleged misrepresentation of Defendant.

### Sixty-fifth Defense

65.    Plaintiffs' claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiffs relied did not constitute a misrepresentation of material facts.

### Sixty-sixth Defense

66.    Plaintiffs did not rely on any alleged express or implied warranty.

### Sixty-seventh Defense

67.    Plaintiffs failed to notify Defendant of any alleged breach of warranty within a reasonable time after they discovered or should have discovered any such alleged breach and are, therefore, barred from any recovery for such claims.

### Seventy-eighth Defense

68.    Defendant specifically denies that it received any notice of any alleged breach of warranty from Plaintiffs within a reasonable time after Plaintiffs discovered or should have discovered any such alleged breach and Plaintiffs are, therefore, barred from any recovery for such claims.

15

### Sixty-ninth Defense

69.    Plaintiffs' claims for breach of warranty are barred in whole or in part by the Defendant's disclaimers.

### Seventieth Defense

70.    Plaintiffs' claims for breach of warranty are barred in whole or in part because they are not in privity with Defendant.

### Seventy-first Defense

71.    Defendant asserts the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

### Seventy-second Defense

72.    Plaintiffs' claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance and/or usage of trade.

### Seventy-third Defense

73.    Plaintiffs' claims are barred in whole or in part by the doctrine of federal preemption. The manufacture, marketing, and labeling of Celebrex® was and is controlled by federal law, and Defendant was at all times in compliance and obedience with applicable federal law.  If Plaintiffs' causes of action against Defendant are permitted and allowed, they would impede, impair, interfere with, frustrate and/or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the United States Constitution, Article VI, Section 2 and Article I, Section 8, respectively, as set forth in *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).  Plaintiffs' claims, in whole or in part, are preempted, or barred by applicable federal law, including any claim based in whole or in part on:

(a)     any allegation of negligence *per se* or that Defendant violated federal regulations, including any regulations promulgated or enforced by the Food and Drug Administration;

(b)     any allegation that Defendant committed "fraud" on, or otherwise misled, made misrepresentations to, concealed material information from, or violated reporting requirements imposed by any agency of the federal government, including the Food and Drug Administration;

(c)     any allegation that Celebrex® was not "safe and effective" or that the risks of the drug outweighed its benefits;

(d)     any allegation that Defendant failed to give Plaintiffs' healthcare providers adequate warnings concerning the risks associated with Celebrex®; and/or

(e)     any allegation that, if accepted, would impose standards of care in addition to, or different from, those imposed by federal law, including federal regulations promulgated by the Food and Drug Administration.

### Seventy-fourth Defense

74.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Seventy-fifth Defense

75.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Petition.

### Seventy-sixth Defense

76.     Plaintiffs have failed to allege conduct warranting imposition of punitive damages under Texas law.

### Seventy-seventh Defense

77.     The standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague

17

or simply non-existent, and are inadequate to ensure that such awards do not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

## Seventy-eighth Defense

78.     Plaintiffs' claims for non-pecuniary damages are unconstitutionally vague and/or overbroad, and are in contravention of Defendant's rights under each of the following constitutional provisions:

    (a)     the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

    (b)     the Takings Clause of the Fifth Amendment of the United States Constitution;

    (c)     the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

    (d)     the Equal Protection Clause of the Fourteenth Amendment; as well as the various provisions of the Texas Constitution, including but not limited to art. I §§ 3, 13, 14, 16 and 19.

## Seventy-ninth Defense

79.     As set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), the Due Process Clause of the United States Constitution protects Defendant from any award of damages that:

    (a)     is based, in whole or in part, on conduct which did not harm Plaintiff;

    (b)     is based, in whole or in part, on conduct and/or harm that occurred wholly outside Texas;

    (c)     is based, in whole or in part, on conduct that is the exclusive province of federal law;

    (d)     is based, in whole or in part, on comparisons of the relative wealth of Defendant and Plaintiffs; or

    (e)     is grossly disproportionate to the harm suffered by Plaintiffs.

Because the standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, they are inadequate to ensure that such awards are not based on impermissible considerations. Any award of non-pecuniary damages in this case would therefore be in contravention of the Due Process standards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### Eightieth Defense

80.    Plaintiffs' claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

### Eighty-first Defense

81.    Plaintiffs' claims for punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

(a)    the Commerce Clause of Article I, Section 8 of the United States Constitution;

(b)    the Contracts Clause of Article I, Section 10 of the United States Constitution;

(c)    the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

(d)    the Supremacy Clause of Article VI of the United States Constitution;

(e)    the Free Speech Clause of the First Amendment of the United States Constitution;

(f)    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

(g)    the Takings Clause of the Fifth Amendment of the United States Constitution;

(h)    the Right to Counsel of the Sixth Amendment of the United States Constitution;

(i)    the Excessive Fines Clause of Eighth Amendment of the United States Constitution;

(j)     the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

(k)     the Equal Protection Clause of the Fourteenth Amendment;

(l)     as well as the various provisions of the Texas Constitution, including but not limited to Art. I. §§ 3, 13, 14, 16, and 19.

### Eighty-second Defense

82.     Because of the lack of clear standards, the imposition of punitive damages against Defendant is unconstitutionally vague and/or overbroad.

### Eighty-third Defense

83.     No act or omission of Defendant was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### Eighty-fourth Defense

84.     To the extent Plaintiffs' claim for punitive damages is premised on alleged violations of FDA regulations, such claim is preempted by federal law and by the authority set out in *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

### Eighty-fifth Defense

85.     With respect to Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Eighty-sixth Defense

86.     Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiffs' claims.

## III.

## JURY DEMAND

Subject to its Motion to Transfer Venue, Defendant hereby demands a trial by jury.

## IV.

## PRAYER

WHEREFORE, Defendant prays that this cause shall be transferred to a county of proper venue, that Plaintiffs take nothing by their suit, that Defendant be discharged with its costs expended in this matter, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**

By: _____
Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
E-mail: kjf@ctw.com
Leslie A. Benitez
State Bar No. 02134300
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT PFIZER INC.**

21

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 24th day of May, 2007:

***Via Certified Mail, Return Receipt Requested***

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
***Attorneys for Plaintiffs***



22

# EXHIBIT 2(E)

CAUSE NO. 07-04-45743

| | | |
|---|---|---|
| VIOLA RESENDEZ and<br>RAUL RESENDEZ, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| Plaintiffs, | §<br>§<br>§ | |
| v. | §<br>§ | |
| PFIZER, INC., JACQUELINE GUERRERO,<br>BOB DAVIS, JEANNE L. JALUFKA,<br>KYLE M. NELSON, JASON D. HAHN,<br>ROBERT G. VIAL, KATHRYN K. TRUITT,<br>KARI A. McLUHAN, REYNALDO RIOJAS,<br>FRANCISCO MEZA, JACK BARINEAU,<br>ERICA ZEPLIN, DEBORAH QUINONES,<br>W. LANCE GOODSON,<br>KEELY RODRIGUEZ, LEAH SILVA,<br>DANIEL PONCE, CELESTE ESCOBAR,<br>JILL GUIDRY, DANIEL TOWNSEND,<br>and LYNSEY ADAME, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | JIM WELLS COUNTY, TEXAS |
| Defendants. | §<br>§ | 79th JUDICIAL DISTRICT |

## DEFENDANT W. LANCE GOODSON'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant W. Lance Goodson (hereinafter referred to as "Defendant") and files this his Motion to Transfer Venue and, Subject Thereto, Original Answer to Plaintiffs' Original Petition. Defendant would respectfully show the Court as follows:

### I.

### MOTION TO TRANSFER VENUE

This is a pharmaceutical product liability case involving Celebrex®, a prescription medication co-promoted and marketed at times by Pfizer. Plaintiffs Viola and Raul Resendez allege they sustained personal injuries as a result of Viola Resendez's use of Celebrex®, *see* PLAINTIFFS' ORIGINAL PETITION ("PETITION") at 2, and assert Pfizer is liable for those injuries

1

under theories of strict liability, negligence, fraud, and breach of warranties. *Id.* at 7-15. Plaintiffs also assert certain vague claims against twenty-one (21) current or former Pfizer field sales representatives, including Defendant, whom Plaintiffs assert detailed Celebrex® to unidentified "doctors and hospitals." *See id.* at 7.

Plaintiffs' Petition is sufficiently imprecise to raise concerns that venue may not be proper in Jim Wells County. Their petition includes only a vague and conclusory assertion that "all or a substantial part of the events or omissions giving rise to the claim occurred in Jim Wells County, Texas," *see id.* at 5, without any specific factual allegations supporting their contention that venue in Jim Wells County is appropriate. It therefore is far from clear that this suit was filed in the proper venue. Consequently, pursuant to Rule 86 of the Texas Rules of Civil Procedure, Defendant files this Motion to preserve his right to challenge venue if the facts establish that venue in Jim Wells County is not proper.

Pfizer is a corporation. A suit against a corporation, whether foreign or domestic, may properly be brought in either (1) the county of the corporation's "principal office" in Texas, or (2) the county where "all or a substantial part of the events or omissions giving rise to the claim occurred . . . ." TEX. CIV. PRAC. & REM. CODE. ANN. § 15.002(a) (Vernon 2005). Additionally, when an individual defendant is sued, venue is proper in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person. *Id.* If none of these provisions apply, venue is proper in the county in which the plaintiff resided at the time of the accrual of the cause of action. *Id.* In this case, Defendant:

(1)    specifically denies that the county of suit is, or was at the time that Plaintiffs' purported causes of action accrued, the county of any defendant's principal office in Texas;

(2)    specifically denies that all or a substantial part of the events or omissions giving rise to Plaintiffs' purported claims occurred in the county of suit;

2

(3)    specifically denies that any individual defendant resided in the county of suit at the time Plaintiffs' purported causes of action accrued; and

(4)    specifically denies that Plaintiffs resided in the county of suit at the time Plaintiffs' purported causes of action accrued.

Given the early stage of this proceeding at the time of this Motion, and the imprecise nature of Plaintiffs' pleadings, Defendant cannot identify for the Court the county of proper venue for Plaintiffs' claims. Defendant, therefore, requests that he be permitted reasonable time to obtain venue facts and conduct venue discovery. Defendant reserves the right to amend this motion to assert the proper county to which this case should be transferred after he has had sufficient time to discover the venue facts necessary to determine the county of proper venue.

## II.

## SUBJECT TO MOTION TO
## TRANSFER VENUE, ORIGINAL ANSWER

**A.    General Denial Pursuant to Texas Rule of Civil Procedure 92**

Subject to his Motion to Transfer Venue, Defendant denies each and every allegation made against him and demands strict proof of same by a preponderance of the evidence.

**B.    Affirmative Defenses**

Subject to his Motion to Transfer Venue, and without assuming the burden of proof of such defenses that he would not otherwise have, Defendant affirmatively asserts the following defenses:

1.    Plaintiffs' Petition fails to state a claim against Defendant upon which relief can be granted.

2.    Plaintiffs' causes of action are barred in whole or in part by the applicable statute of limitations and/or statute of repose.

3.    Plaintiffs' claims against Defendant are barred under Section 20, comment g of the Restatement (Third) of Torts: Products Liability.

3

4.    Plaintiffs' causes of action are barred by Chapter 82 of the Texas Civil Practice & Remedies Code, including but not limited to §§ 82.001, 82.003, and 82.007.

5.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

6.    Plaintiffs' causes of action are barred in whole or in part by the doctrines of laches, waiver and/or estoppel.

7.    Plaintiffs' recovery, if any, is barred entirely, or should be reduced, by Plaintiffs' comparative negligence.

8.    The damages alleged by Plaintiffs were caused, solely or partially, or proximately caused by some person or third party for whom Defendant is not legally responsible.

9.    This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit.

10.   If Plaintiffs settle with any other person or entity, then Defendant reserves the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

11.   Plaintiffs' alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Defendant.

12.   Plaintiffs' alleged damages were not proximately caused by any act or omission of Defendant.

13.   The producing causes of the damages Plaintiffs allegedly suffered were acts or omissions of some person, cause or entity other than Defendant.

4

14.   Plaintiffs' alleged damages were the result of pre-existing and/or unrelated conditions that were independent of, or far removed from, any conduct of Defendant.

15.   Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' damages, if any, were caused by changes and/or alterations to the product at issue made by persons not within Defendant's control.

16.   Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, the methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of the Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

17.   Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

18.   Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense and based on the state of scientific, medical, and technological knowledge at the time that Celebrex® was marketed,

5

Celebrex® was reasonably safe for its normal and foreseeable use at all relevant times.

19.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, any claims by Plaintiffs for inadequate warnings are controlled by, and barred under, the learned intermediary doctrine.

20.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are governed, in whole or in part, by Sections 2 and 4 of the Restatement (Third) of Torts: Product Liability (including the comments thereto) because Defendant complied with all applicable statutes and with the requirements and regulations of the Food and Drug Administration.

21.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims against Defendant are barred under Section 402A, comments j and/or k of the Restatement (Second) of Torts.

22.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims against Defendant are barred under Sections 2, 4, and 6 *et seq.* of the Restatement (Third) of Torts:

Product Liability. Alternatively, Plaintiffs' claims are barred because the product's benefits outweighed its risks.

23.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred in whole or in part because Celebrex® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

24.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

25.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

26.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

27.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

7

28. The damages, if any, recoverable by Plaintiffs must be reduced by any amount of damages legally caused by Plaintiffs' failure to mitigate such damages in whole or in part.

29. Plaintiffs' claims are barred in whole or in part by the unforeseeable product misuse and/or abnormal or unintended use of the product.

30. Plaintiffs' claims are barred by their failure to comply with conditions precedent to the right to recover.

31. Plaintiffs' claims are barred because Defendant's conduct is not the producing cause, a proximate cause, or a cause-in-fact of Plaintiffs' alleged injuries.

32. Plaintiffs' claims are barred in whole or in part by intervening and/or superseding acts.

33. Plaintiffs' claims are barred in whole or in part by the assumption of the risk associated with the purchase and/or use of the product.

34. Plaintiffs' claims are barred in whole or in part by the failure to heed warnings and/or failure to follow instructions.

35. Plaintiffs' claims are barred in whole or in part by the doctrine of informed consent. Plaintiff was informed of the risks associated with treatment and willingly consented to treatment despite those risks. Specifically, Plaintiff gave informed consent to the prescribing physician before taking Celebrex®, alone or in combination with any other drug(s).

36. Plaintiffs' injuries, if any, were caused by an idiosyncratic reaction to the product.

37. The duty to obtain Plaintiff's informed consent prior to prescribing Celebrex®, alone or in combination with any other drug(s), rested solely with the prescribing physicians.

8

38.   Plaintiffs may not assert a claim against Defendant for negligent misrepresentation as Plaintiffs did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendant.

39.   Plaintiffs' claims of negligent misrepresentation are barred by the Plaintiffs' failure to justifiably rely on any alleged misrepresentation of Defendant.

40.   Plaintiffs' claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiffs relied did not constitute a misrepresentation of material facts.

41.   Plaintiffs' claims of fraud are barred by reason of Plaintiff's failure to allege circumstances constituting fraud with particularity, as required under both the state and federal rules.

42.   Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff did not rely on any alleged express or implied warranty.

43.   Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs failed to notify Defendant of any alleged breach of warranty within a reasonable time after they discovered or should have discovered any such alleged breach and are, therefore, barred from any recovery for such claims.

44.   Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any

9

product at issue. Without waiving said defense, Plaintiffs' claims for breach of warranty are barred in whole or in part by the relevant disclaimers.

45.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims for breach of warranty are barred in whole or in part because they are not in privity with Defendant.

46.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Defendant asserts the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

47.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance, and/or usage of trade.

48.    Defendant expressly denies that any third party engaging in the acts alleged by Plaintiffs were acting as Defendant's agent or servant, at the instruction of Defendant, or within the Defendant's control. Therefore, Plaintiffs' claims, to the extent they seek recovery for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

49.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred, in whole

10

or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

50.     Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred in whole or in part by the doctrine of federal preemption. The manufacture, marketing, and labeling of Celebrex® was and is controlled by federal law, and the conduct relating to the product at issue was at all times in compliance and obedience with applicable federal law. If Plaintiffs' causes of action against Defendant are permitted and allowed, they would impede, impair, interfere with, frustrate and/or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the United States Constitution, Article VI, Section 2 and Article I, Section 8, respectively, as set forth in *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001). Plaintiffs' claims, in whole or in part, are preempted, or barred by applicable federal law, including any claim based in whole or in part on:

(a)     any allegation of negligence *per se* or that Defendant violated federal regulations, including any regulations promulgated or enforced by the Food and Drug Administration;

(b)     any allegation that Defendant committed "fraud" on, or otherwise misled, made misrepresentations to, concealed material information from, or violated reporting requirements imposed by any agency of the federal government, including the Food and Drug Administration;

(c)     any allegation that Celebrex® was not "safe and effective" or that the risks of the drug outweighed its benefits;

11

(d)    any allegation that Defendant failed to give Plaintiffs' healthcare providers adequate warnings concerning the risks associated with Celebrex®; and/or

(e)    any allegation that, if accepted, would impose standards of care in addition to, or different from, those imposed by federal law, including federal regulations promulgated by the Food and Drug Administration.

51.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

52.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Petition.

53.    The standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

54.    Plaintiffs' claims for non-pecuniary damages are unconstitutionally vague and/or overbroad, and are in contravention of Defendant's rights under each of the following constitutional provisions:

(a)    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

(b)    the Takings Clause of the Fifth Amendment of the United States Constitution;

(c)    the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

(d)    the Equal Protection Clause of the Fourteenth Amendment; as well as the various provisions of the Texas Constitution, including but not limited to art. I §§ 3, 13, 14, 16 and 19.

55.    As set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), the Due Process Clause of the United States Constitution protects Defendant from any award of damages that:

(a)    is based, in whole or in part, on conduct which did not harm the Plaintiffs;

(b)    is based, in whole or in part, on conduct and/or harm that occurred wholly outside Texas;

(c)    is based, in whole or in part, on conduct that is the exclusive province of federal law;

(d)    is based, in whole or in part, on comparisons of the relative wealth of Defendant and Plaintiffs; or

(e)    is grossly disproportionate to the harm suffered by Plaintiffs.

Because the standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, they are inadequate to ensure that such awards are not based on impermissible considerations. Any award of non-pecuniary damages in this case would therefore be in contravention of the Due Process standards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State*

13

*Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

56. Plaintiffs' claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

57. Plaintiffs' claims for punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

    (a)    the Commerce Clause of Article I, Section 8 of the United States Constitution;

    (b)    the Contracts Clause of Article I, Section 10 of the United States Constitution;

    (c)    the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

    (d)    the Supremacy Clause of Article VI of the United States Constitution;

    (e)    the Free Speech Clause of the First Amendment of the United States Constitution;

    (f)    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

    (g)    the Takings Clause of the Fifth Amendment of the United States Constitution;

    (h)    the Right to Counsel of the Sixth Amendment of the United States Constitution;

    (i)    the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

    (j)    the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

    (k)    the Equal Protection Clause of the Fourteenth Amendment;

    (l)    as well as the various provisions of the Texas Constitution, including but not limited to Art. I. §§ 3, 13, 14, 16, and 19.

14

58. Because of the lack of clear standards, the imposition of punitive damages against Defendant is unconstitutionally vague and/or overbroad.

59. No act or omission of Defendant was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

60. Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense and to the extent Plaintiffs' claim for punitive damages is premised on alleged violations of FDA regulations, such claim is preempted by federal law and by the authority set out in *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

61. With respect to Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

62. Defendant reserves the right to supplement his assertion of defenses as he continues with his factual investigation of Plaintiffs' claims.

### III.

### <u>JURY DEMAND</u>

Subject to his Motion to Transfer Venue, Defendant hereby demands a trial by jury.

15

## IV.

## PRAYER

WHEREFORE, Defendant prays that this cause shall be transferred to a county of proper venue, that Plaintiffs take nothing by their suit, that Defendant be discharged with his costs expended in this matter, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,
A PROFESSIONAL CORPORATION**

By: _____

Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
E-mail: kjf@ctw.com
Leslie A. Benitez
State Bar No. 02134300
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT
W. LANCE GOODSON**

16

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 31st day of May, 2007:

*Via Certified Mail, Return Receipt Requested*

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
*Attorneys for Plaintiffs*



17

# EXHIBIT 2(F)

CAUSE NO. 07-04-45743

| | | |
|---|---|---|
| VIOLA RESENDEZ and<br>RAUL RESENDEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | JIM WELLS COUNTY, TEXAS |
| v. | § | |
| | § | |
| PFIZER, INC., ET AL., | § | |
| | § | |
| Defendants. | § | 79th JUDICIAL DISTRICT |

## NOTICE TO PLAINTIFFS OF FILING OF NOTICE OF REMOVAL

TO:    Viola Resendez and Raul Resendez, by and through their attorneys of record, Kathryn Snapka, Greg W. Turman, Rick B. Waterhouse, Jr., and Aditi Anita Shahani, SNAPKA, TURMAN & WATERHOUSE, L.L.P., P.O. Drawer 23017, 606 N. Carancahua, Suite 1511, Corpus Christi, Texas 78403.

You will please take notice that Pfizer Inc., Defendant in the above-styled and numbered cause originally filed in the 79th District Court of Jim Wells County, Texas, namely, *Viola Resendez and Raul Resendez v. Pfizer, Inc., et al.*, Cause No. 07-04-45743, has filed in the United States District Court for the Southern District of Texas, Corpus Christi Division, its Notice of Removal in the above-captioned cause from said District Court of Jim Wells County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division.

Attached hereto you will find a copy of said Notice of Removal.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**

By:

Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
E-mail: kjf@ctw.com
Leslie A. Benitez
State Bar No. 02134300
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT PFIZER INC.**

2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 5th day of June, 2007.

### *Via Certified Mail/Return Receipt Requested*

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78476
*Attorneys for Plaintiff*

3

# EXHIBIT 2(G)

CAUSE NO. 07-04-45743

| | | |
|---|---|---|
| VIOLA RESENDEZ and<br>RAUL RESENDEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | JIM WELLS COUNTY, TEXAS |
| v. | § | |
| | § | |
| PFIZER, INC., ET AL., | § | |
| | § | |
| Defendants. | § | 79th JUDICIAL DISTRICT |

## NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

TO:    R. David Guerrero, District Clerk, Jim Wells County, Texas.

PLEASE TAKE NOTICE that Defendant Pfizer Inc. has filed its Notice of Removal to the United States District Court for the Southern District of Texas, Corpus Christi Division, a copy of which is attached hereto.  Defendant Pfizer hereby files a copy of the Notice with the Clerk of the District Court of Jim Wells County, Texas, all in accordance with 28 U.S.C. § 1446(d).

Dated: June 5, 2007.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**

By:  _____
        Kenneth J. Ferguson
        Attorney-in-Charge
        State Bar No. 06918100
        E-mail: kjf@ctw.com
        Leslie A. Benitez
        State Bar No. 02134300
        E-mail: lab@ctw.com
        Kelly R. Kimbrough
        State Bar No. 00794984
        E-mail: krk@ctw.com
        J. Andrew Hutton
        State Bar No. 24012878
        E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT PFIZER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 5th day of June, 2007.

**_Via Certified Mail/Return Receipt Requested_**

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78476
**_Attorneys for Plaintiffs_**

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VIOLA RESENDEZ and<br>RAUL RESENDEZ<br><br>Plaintiffs,<br><br>v.<br><br>PFIZER, INC., ET AL.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br><br>JURY REQUESTED<br><br>*Pending Transfer to MDL-1699*<br>*(In re Bextra and Celebrex Marketing,*<br>*Sales Practices and Prods. Liab. Litig.)* |

## LIST OF ATTORNEYS

**Attorneys for Plaintiffs**

Kathryn Snapka
State Bar No. 18781200
Greg W. Turman
State Bar No. 00785123
Rick B. Waterhouse, Jr.
State Bar No. 00788624
Aditi Anita Shahani
State Bar No. 24041898
**SNAPKA, TURMAN & WATERHOUSE, L.L.P.**
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
(361) 888-7676
(361) 884-8545 [Fax]

**Attorneys for Defendants Pfizer Inc. and W. Lance Goodson**

Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
Southern District I.D. No. 12703
Leslie A. Benitez
State Bar No. 02134300
Southern District I.D. No. 10017
Kelly R. Kimbrough
State Bar No. 00794984
Southern District I.D. No. 25675
J. Andrew Hutton
State Bar No. 24012878
Southern District I.D. No. 26762
CLARK, THOMAS & WINTERS
A PROFESSIONAL CORPORATION
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 (Fax)

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VIOLA RESENDEZ and<br>RAUL RESENDEZ | § | |
| | § | |
| | § | CIVIL ACTION NO. _____ |
| Plaintiffs, | § | |
| | § | JURY REQUESTED |
| v. | § | |
| | § | *Pending Transfer to MDL-1699* |
| PFIZER, INC., ET AL., | § | *(In re Bextra and Celebrex Marketing,* |
| | § | *Sales Practices and Prods. Liab. Litig.)* |
| Defendants. | § | |
| | § | |
| | § | |

## PARTIES REQUESTING TRIAL BY JURY

Plaintiffs requested trial by jury in their Original Petition

Defendant Pfizer Inc. requested trial by jury in its Motion to Transfer Venue and, Subject Thereto, Original Answer

Defendant W. Lance Goodson requested trial by jury in his Motion to Transfer Venue and, Subject Thereto, Original Answer

**EXHIBIT 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

VIOLA RESENDEZ and          §
RAUL RESENDEZ              §
                          §     CIVIL ACTION NO. _____
          Plaintiffs,       §
                          §     JURY REQUESTED
v.                        §
                          §     *Pending Transfer to MDL-1699*
PFIZER, INC., ET AL.,       §     *(In re Bextra and Celebrex Marketing,*
                          §     *Sales Practices and Prods. Liab. Litig.)*
          Defendants.       §
                          §
                          §

## STATE COURT INFORMATION

This case is being removed from the 79th Judicial District Court of Jim Wells County, Texas, whose address is as follows:

David Guerrero
District Clerk
District Court of Jim Wells County
200 North Almond Street
Alice, Texas 78332